# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN STATE OF MISSISSIPPI NORTHERN DIVISION

**TYRONE SMITH**
          Plaintiffs,

V.

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY AND CYNTHIA PILGRIM, INDIVIDUALLY**

          Defendants,

No. 3:18-cv-639-HTW-LRA

**PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT**



COMES NOW, the plaintiff, , by and through him pro se of record, , and hereby submits the following Response Memorandum in Opposition to Defendant's Summary Judgment.

## RELIEF REQUESTED

Plaintiff respectfully requests that the defendant's Motion for Summary Judgment be denied. There exists a genuine issue of material fact, and defendants is not entitled to judgment as matter of law. *CR* 56.

## FACTS

Mr. Smith black male begin his employment at DPS as a driver license examiner trainee on March 1, 2016. Smith was working at the counter #4 on July 7, 2017 at DPS Pearl office location. Ms. Banks came in the office for an scheduled appointment and was immediately served by Mr. Smith. Ms. Melvin approach hostile Mr. Smith counter confronting him why her boyfriend wasn't being served first. An argument between Smith and Ms. Melvin occurred

profanity was used between the two. Ms. Melvin then begin approaching Ms. Banks belligerent arguing with her as you can hear clearly in the video Ms. Melvin saying "You mean to tell me...." Ms. Melvin's boyfriend and Smith intervene between Ms. Banks and Ms. Melvin quickly Smith by jumping over the counter. Ms. Melvin pushed Smith causing the photo backdrop to be torn down. In fact Mr. Smith had told Ms. Melvin's boyfriend prior to the altercation at counter #5 "That he will be served, but have to wait." Nevertheless that DPS office closes at 5:00 pm. Smith was actually accommodating Ms. Melvin's boyfriend. There wasn't absolutely any highway patrolmen present at that time of the incident. On July10, 2017 Smith manager begin investigating of the incident requested witness statements from each co-worker due end of day. Cynthia Pilgrim was reluctant doing the same week Cynthia Pilgrim furnish her witness statement to Sergeant John Warren (supervisor). Plaintiff manager and colleagues watch the video recording of the incident by July 14, 2017 Mr. Warren & Smith had a brief meeting in his office no discipline actions will be taken & remain employed at DPS.

## SUMMARY JUDGMENT LAW

"Summary judgment is appropriate where there is no genuine dispute of material fact and he movant is entitled to judgment as a matter of law." Star Fin. Servs., Inc. v. Cardtronics USA, Inc., 882 F.3d 176, 179 (5th Cir. 2018). A "genuine issue" of material fact precluding summary judgment arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." Star Fin. Servs., 882 F.3d at 179; see also Anderson 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are not the functions of a "judge ... ruling on a motion for summary judgment. ... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); Opinion and Order, Dockery v. Hall, No. 3:13-cv-326-

WHB-JCG, ECF No. 600, at 17 (S.D. Miss. Feb. 14, 2018) (Barbour, J.) ("It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence.'") (quoting Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980)). "Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial." Id. (quoting Nat'l Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962)). The party moving for summary judgment has the burden of showing no "genuine dispute as to any material fact" at the summary judgment stage. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Even when the non-moving party has the ultimate burden of proof at trial, the "party seeking summary judgment always bears the initial responsibility" of identifying the portions of the record which "demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (emphasis added). That initial burden of production cannot be satisfied by mere "conclusory statement[s] that the other side has no evidence" to Case 3:17-cv-00347-WHB-LRA Document 261 Filed 05/01/18 Page 21 of 109 9 support its claims. Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).

## ARGURMENT

Plaintiff charges that this is an injunctive and declaratory relief and damages to redress unlawful discrimination of the basis of his race (African American) violation of Title VII of the Civil Right Act of 1964, as amended (hereinafter referred to at time as "Title VII"); and for denial of equal protection under the Fourteenth Amendment under 42 U.S.C Section 1983 DPS employees of a different race including Cynthia Pilgrim have used profanity not terminated or any disciplinary action taken.

## CONCLUSION

All facts must be interpreted in a light most favorable to the non-moving party. Based upon the foregoing, Plaintiff respectfully opposes the granting of defendants motion for summary judgment, and ask this Court that it be denied.

/s/ Smith, Tyrone
**Tyrone Smith**

RESPECTFULLY SUBMITTED THIS _____ DAY OF DECEMBER, 2019.